

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                          CASE NO.: 17-13315-RAM

FRANCISCO AMADOR and
EDUVINA AMADOR

CHAPTER: 7

Debtors.

_____/

## MOTION TO AVOID JUDICIAL LIEN ON REAL ESTATE, HELD BY FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), A CORPORATION EXISTING UNDER THE LAWS OF THE UNITED STATES OF AMERICA

### NOTICE

**Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may be canceled.**

PLEASE TAKE NOTICE that Debtors FRANCISCO AMADOR and EDUVINA AMADOR are jointly moving the court to avoid a judicial lien held by FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), a corporation existing under the laws of the United States of America, on homestead real property held jointly by debtors.

This motion is being brought under procedures prescribed by Local Rule 9013-1(D).

If you wish to object to the motion, or request a hearing on the motion, your objection and or request must be filed and served upon debtors within 21 days of the date this notice was mailed.

You must accompany any request you make for a hearing, or any other objection to the relief sought by debtors, with any declarations or memoranda of law you wish to present in support of your position.

1

Pursuant to Local Rule 9013-1(D), if you do not make a timely objection to the requested relief, or a timely request for hearing, you will be deemed to have consented to the entry of an order in the form attached to this motion and the court may enter an order granting the relief, or either 1) set a tentative hearing date or 2) require that the debtors provide you at least 10 days' written notice of hearing (in the event an objection or request for hearing is timely made).

1. Debtors FRANCISCO AMADOR and EDUVINA AMADOR commenced this Case on March 20, 2017, by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code.

2. This court has jurisdiction over this motion, filed pursuant to 11 U.S.C. Sec 522(f), to avoid and cancel a judicial lien held by FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), a corporation organized under the laws of the United States of America on real property used as the debtors' sole homestead residence, under 28 U.S.C. Sec. 1334.

3. On December 12, 2016, FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), a corporation organized under the laws of the United States of America obtained a judgment against debtors in the Circuit Court in and for Miami-Dade County, Florida, Case No. 2015-026710-CA-58, and judgment was recorded on December 13, 2016, thereby creating a lien against debtors' jointly owned homestead residence. The said judgment is entered of record as follows: Final Judgment in favor of FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), a corporation organized under the laws of the United States of America and against debtors jointly for $136, 585.04; and recorded in Miami-Dade County, Book 30343, Page 2265-2269. *See Exhibit A.*

4. The Lien impairs the debtor's jointly owned homestead residence, which is otherwise exempt under 11 U.S.C. § 522(f), located at: 13220 SW 12 Street, Miami, FL 33184; also known as Lot 10, in Block 1, of Sevilla Gardens, Section One, according to the Plat thereof, as recorded in Plat Book 110, at Page 9, of the public records of Miami-Dade County, Florida; Folio: 30-4911-016-0100.

5. The debtor's jointly owned homestead property referred to in the proceeding paragraph and encumbered by the lien has been claimed as fully exempt in their bankruptcy case.

6. Debtors have attached the proposed Order to Avoid Judicial Lien on Real Estate.
**WHEREFORE**, the Debtors jointly request that the Court enter an order avoiding and cancelling the Lien and for such other and further relief as the Court deems appropriate.

2

Date:  April 7, 2017          Signed by: _____

Francisco Amador
13220 SW 12 Street
Miami, FL 33184
franciscoamador@aol.com

Date:  April 7, 2017          Signed by: _____

Eduvina Amador
13220 SW 12 Street
Miami, FL 33184
eduvinaamador1@gmail.com

CFN: 20160714855 BOOK 30340 PAGE 2265
DATE:12/13/2016 01:40:42 PM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

FEDERAL NATIONAL MORTGAGE ASSOCIATION
("FANNIE MAE"), A CORPORATION ORGANIZED
AND EXISTING UNDER THE LAWS OF THE
UNITED STATES OF AMERICA,

                    Plaintiff,                    CASE NO.: 2015-026710-CA-58

vs.

EDUVINA AMADOR; FRANCISCO AMADOR;
ANNETTE AMADOR DIAZ; ALEJANDRO DIAZ;
MASTEC NETWORK SOLUTIONS, INC;
REMEDIATION GROUP INC.; CITY OF MIAMI
BEACH, FLORIDA; SIXTY SIXTY CONDOMINIUM
ASSOCIATION, INC.; UNKNOWN TENANT(S) IN
POSSESSION #1 and #2, and ALL OTHER UNKNOWN
PARTIES, including, if a named Defendant is deceased, the
personal representatives, the surviving spouse, heirs,
devisees, grantees, creditors, and all other parties claiming,
by, through, under or against that Defendant, and all
claimants, persons or parties, natural or corporate, or whose
exact legal status is unknown, claiming under any of the
above named or described Defendants,

                    Defendant(s).
_____/



## FINAL SUMMARY JUDGMENT OF FORECLOSURE

THIS ACTION was heard before the Court upon Plaintiff's Motion for Summary Final
Judgment on December 12, 2016. On the evidence presented IT IS ORDERED AND
ADJUDGED that Plaintiff's Motion for Summary Judgment is GRANTED against all
defendants listed by name: EDUVINA AMADOR; FRANCISCO AMADOR; ANNETTE
AMADOR DIAZ; ALEJANDRO DIAZ; MASTEC NETWORK SOLUTIONS, INC;
REMEDIATION GROUP INC.; SIXTY SIXTY CONDOMINIUM ASSOCIATION, INC.;.

1. **Amounts Due and Owing.** Plaintiff is due:

   Principal due on the note secured by the mortgage foreclosed:          $116,408.66

.. .. ...

CFN: 20160714855 BOOK 30343 PAGE 2266
FJUD

| | |
|---|---|
| Interest from 5/1/2015 to 8/12/2016 | $10,990.18 |
| Interest from 8/13/2016 to date of this judgment at $23.52 per diem | $2,869.44 |
| Taxes for the year of 2015 | $973.79 |
| Insurance Premiums for the years of 2015 | $383.25 |
| 2016 | $2,680.02 |
| | |
| **Court Costs, Now Taxed:** | |
| Filing Fees | $1,019.00 |
| Service of Process | $585.00 |
| | |
| **SUBTOTAL** | **$135,909.34** |
| | |
| **Additional Costs:** | |
| Mortgage Insurance Premium | $43.80 |
| Late charges accrued up to acceleration date | $226.90 |
| Inspection Fees | $150.00 |
| BPO/Appraisal Fees | $255.00 |
| | |
| **GRAND TOTAL** | **$136,585.04** |

2. **Interest.** The grand total amount referenced in Paragraph 1 shall bear interest from this date forward at the prevailing legal rate of interest pursuant to Florida Statute Section 55.03.

3. **Lien of Property.** Plaintiff, whose address is 14523 SW Milikan Way, Suite 200, Beaverton, OR 97005, holds a lien for the grand total sum superior to all claims or estates of the defendant(s), on the following described property in Miami Dade County, Florida:

    **CONDOMINIUM UNIT NO. 504 IN 6060 CONDOMINIUM, A CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF, RECORDED APRIL 10, 2006, IN OFFICIAL RECORDS BOOK 24411, AT PAGE 1780 OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA, TOGETHER WITH A UNDIVIDED INTEREST IN THE COMMON ELEMENTS APPURTENANT THERETO.**

    **PROPERTY ADDRESS: 6060 INDIAN CREEK DRIVE #504, MIAMI BEACH, FL, 33140**

15-41490            2

CFN: 20160714855 BOOK 30343 PAGE 2267
FJUD

4. **Sale of Property.** If the grand total amount with interest at the rate described in Paragraph 2 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on _____ **JAN 3 1 2017** , 20_____ , at 09:00 AM to the highest bidder for cash after first given notice as required by Section 45.031, Florida Statutes. The subject property shall be sold by electronic sale at: www.miamidade.realforeclose.com.

5. **Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for documentary stamps affixed to the certificate of title. If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and cost accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

6. **Distribution of Proceeds.** On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of plaintiff's costs; second, documentary stamps affixed to the Certificate; third, plaintiff's attorney's fees; fourth, the total sum due to plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

7. **Right of Possession.** Upon filing the Certificate of Sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under Chapter 718 or Chapter 720, Fla. Stat., if any. Upon filing of the Certificate of Tile, the person named on the Certificate of Title shall be let in possession of the property, subject to the provisions of the "Protecting Tenant at Foreclosure Act of 2009."

8. **Jurisdiction.** The Court retains jurisdiction of this action to enter further orders that are proper, including without limitation, writs of possession and deficiency judgments.

9. **IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.**

   **IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

15-41490      3

CFN: 20160714855 BOOK 30343 PAGE 2268
FJUD

**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF COURT, 140 WEST FLAGLER STREET, ROOM 908, MIAMI, FL 33130 (TELEPHONE: (305) 375-5943), WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.**

**IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPERTY INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT LEGAL AID SOCIETY AT THE DADE COUNTY BAR ASSOCIATION, 123 N.W. FIRST AVENUE, SUITE 214, MIAMI, FL 33128 (TELEPHONE: (305) 579-5733) TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT THE DADE COUNTY BAR ASSOCIATION LEGAL AID SOCIETY, YOU SHOULD DO SO A SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.**

**ORDERED** at Miami, Dade County, Florida this 12th day of December, 2016.

_____
Circuit Court Judge — For Jose Rodriguez

Beatrice A. Butchko
Circuit Court Judge

Copies provided to all parties
On attached service list:

15-41490                4

CFN: 20160714855 BOOK 30343 PAGE 2269
FJUD

**SERVICE LIST**
CASE NO.: 2015-026710-CA-58

Brian L. Rosaler, Esquire
POPKIN & ROSALER, P.A.
Attorney for Plaintiff
1701 West Hillsboro Boulevard, Suite 400
Deerfield Beach, FL 33442
Primary E-Mail: pleadings@popkinrosaler.com

Eduvina Amador
13220 Sw 12th Street
Miami, Fl 33184
Primary E-Mail: Eduvinaamador1@Gmail.Com

Francisco Amador
13220 Sw 12th Street
Miami, Fl 33184
Primary E-Mail: Franciscoamador@Aol.Com
Secondary E-Mail: Eduvinaamador1@Gmail.Com

Annette Amador Diaz
13220 Sw 12 St
Miami, Fl 33184

Alejandro Diaz
13220 Sw 12 St
Miami, Fl 33184

Remediation Group Inc.
C/O Rodriguez, Alfred, President
1720 Sw 13th Ct.
Ft Lauderdale, Fl 33312

Ricki D. Frand, Esq.
2 South University Drive
Suite 329
Plantation, Fl 33324
Primary E-Mail: Service@Stevensandgoldwyn.Com

15-41490      5