UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

CASE NO.: 17-13315-RAM

FRANCISCO ROSENDO AMADOR
AKA FRANCISCO R. AMADOR
AKA FRANCISCO AMADOR
EDUVINA IZQUIERDO AMADOR
AKA EDUVINA I. AMADOR
AKA EDUVINA AMADOR

CHAPTER: 7

Debtor(s).
_____/

## OBJECTION TO DEBTOR'S MOTION TO AVOID JUDICIAL LIEN [DE 17]

**SECURED CREDITOR**, FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), CREDITOR C/O SETERUS, INC. AS THE AUTHORIZED SUBSERVICER. (hereinafter referred to as "Secured Creditor"), by and through its undersigned counsel, hereby files its Objection to Debtor's Motion To Avoid Judicial Lien [DE 17] in this action, and in support thereof, states:

1. On December 17, 2015, the above Debtors filed a Voluntary Petition for Relief pursuant to Chapter 7 of the United States Bankruptcy Code.

2. There is a pending Motion for Relief from Stay to Enforce Final Judgment of Foreclosure [DE #14] set for May 4, 2017.

3. Secured Creditor holds a foreclosure judgment on the real property against Debtors for property located at 6060 Indian Creek Drive, #504, Miami Beach, FL 33140.

4. The foreclosure judgment in the amount of $136,585.04 was recorded December 13, 2016 in the Public Records of Miami-Dade County, Florida at Book 30343 Pages 2265. A copy of the final judgment is attached to Movant's Motion for Relief.

5. On April 17, 2017, Debtor filed a Motion to Avoid Judicial Lien, Held by Fannie Mae ("Motion") [doc # 17].

6. According to the Motion, it cites several rules, statutes and states that the property is the Debtors' sole homestead residence.

15-41490B2

7. According to 11 U.S. Code § 522 (f)(2)(C), the ability to strip judicial liens from property does not apply to mortgage foreclosure judgments.
8. Additionally, according to Debtors' own schedules [DE 1, pg 11], Debtors' homestead is property 13220 SW 12 Street, Miami FL 33184.
9. Secured Creditor's judicial lien is a mortgage foreclosure judgment and the subject property is not the homestead of Debtor.
10. Therefore, Debtor should not be permitted to strip the foreclosure judgment lien and the Motion should be denied.

**WHEREFORE**, Secured Creditor prays that this Court enter an order Denying the Motion To Avoid Judicial Lien in this matter.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was provided via electronic and/or Regular U.S. Mail to the parties listed on the attached service list, this   2   day of   May  ,  2017.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the SOUTHERN District of Florida, and I am in compliance with the additional qualifications to practice in this Court set forth in the Local Rules.

**POPKIN & ROSALER, P.A.**
Attorney for Secured Creditor
1701 West Hillsboro Boulevard
Suite 400
Deerfield Beach, FL  33442
Telephone: (954) 360-9030
Facsimile: (954) 420-5187
bankruptcy@popkinrosaler.com


By:   /s/  BRIAN L. ROSALER
         **BRIAN L. ROSALER**
         Florida Bar No.:  0174882

15-41490B2

**SERVICE LIST**

Francisco Rosendo Amador
13220 Sw 12 St
Miami, Fl 33184

Eduvina Izquierdo Amador
13220 Sw 12 St
Miami, Fl 33184

Trustee
Jacqueline Calderin
247 Sw 8 St # 880
Miami, Fl 33130

U.S. Trustee
Office Of The Us Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, Fl 33130

15-41490B2

11 U.S. Code § 522 - Exemptions

(f)

…

(2)

(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

(B) In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens.

(C) This paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure.

CFN: 20160714855 BOOK 30343 PAGE 2265
DATE:12/13/2016 01:40:42 PM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE C

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

FEDERAL NATIONAL MORTGAGE ASSOCIATION
("FANNIE MAE"), A CORPORATION ORGANIZED
AND EXISTING UNDER THE LAWS OF THE
UNITED STATES OF AMERICA,

                Plaintiff,                CASE NO.: 2015-026710-CA-58

VS.

EDUVINA AMADOR; FRANCISCO AMADOR;
ANNETTE AMADOR DIAZ; ALEJANDRO DIAZ;
MASTEC NETWORK SOLUTIONS, INC;
REMEDIATION GROUP INC.; CITY OF MIAMI
BEACH, FLORIDA; SIXTY SIXTY CONDOMINIUM
ASSOCIATION, INC.; UNKNOWN TENANT(S) IN
POSSESSION #1 and #2, and ALL OTHER UNKNOWN
PARTIES, including, if a named Defendant is deceased, the
personal representatives, the surviving spouse, heirs,
devisees, grantees, creditors, and all other parties claiming,
by, through, under or against that Defendant, and all
claimants, persons or parties, natural or corporate, or whose
exact legal status is unknown, claiming under any of the
above named or described Defendants,



                Defendant(s).
_____/

## FINAL SUMMARY JUDGMENT OF FORECLOSURE

      **THIS ACTION** was heard before the Court upon Plaintiff's Motion for Summary Final Judgment on December 12, 2016. On the evidence presented **IT IS ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment is **GRANTED** against all defendants listed by name: EDUVINA AMADOR; FRANCISCO AMADOR; ANNETTE AMADOR DIAZ; ALEJANDRO DIAZ; MASTEC NETWORK SOLUTIONS, INC; REMEDIATION GROUP INC.; SIXTY SIXTY CONDOMINIUM ASSOCIATION, INC.;.

1. **Amounts Due and Owing.** Plaintiff is due:

      Principal due on the note secured by the mortgage foreclosed:      $116,408.66



CFN: 20160714855 BOOK 30343 PAGE 2266
FJUD

| | |
|---|---|
| Interest from 5/1/2015 to 8/12/2016 | $10,990.18 |
| Interest from 8/13/2016 to date of this judgment at $23.52 per diem | $2,869.44 |
| Taxes for the year of 2015 | $973.79 |
| Insurance Premiums for the years of 2015 | $383.25 |
| 2016 | $2,680.02 |

Court Costs, Now Taxed:

| | |
|---|---|
| Filing Fees | $1,019.00 |
| Service of Process | $585.00 |
| **SUBTOTAL** | **$135,909.34** |

Additional Costs:

| | |
|---|---|
| Mortgage Insurance Premium | $43.80 |
| Late charges accrued up to acceleration date | $226.90 |
| Inspection Fees | $150.00 |
| BPO/Appraisal Fees | $255.00 |
| **GRAND TOTAL** | **$136,585.04** |

2. **Interest.** The grand total amount referenced in Paragraph 1 shall bear interest from this date forward at the prevailing legal rate of interest pursuant to Florida Statute Section 55.03.

3. **Lien of Property.** Plaintiff, whose address is 14523 SW Milikan Way, Suite 200, Beaverton, OR 97005, holds a lien for the grand total sum superior to all claims or estates of the defendant(s), on the following described property in Miami Dade County, Florida:

> CONDOMINIUM UNIT NO. 504 IN 6060 CONDOMINIUM, A CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF, RECORDED APRIL 10, 2006, IN OFFICIAL RECORDS BOOK 24411, AT PAGE 1780 OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA, TOGETHER WITH A UNDIVIDED INTEREST IN THE COMMON ELEMENTS APPURTENANT THERETO.
>
> PROPERTY ADDRESS: 6060 INDIAN CREEK DRIVE #504, MIAMI BEACH, FL, 33140

15-41490                                     2

4. **Sale of Property.** If the grand total amount with interest at the rate described in Paragraph 2 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on ___**JAN 3 1 2017**___, 20_____, at 09:00 AM to the highest bidder for cash after first given notice as required by Section 45.031, Florida Statutes. The subject property shall be sold by electronic sale at: www.miamidade.realforeclose.com.

5. **Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for documentary stamps affixed to the certificate of title. If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and cost accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

6. **Distribution of Proceeds.** On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of plaintiff's costs; second, documentary stamps affixed to the Certificate; third, plaintiff's attorney's fees; fourth, the total sum due to plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

7. **Right of Possession.** Upon filing the Certificate of Sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under Chapter 718 or Chapter 720, Fla. Stat., if any. Upon filing of the Certificate of Tile, the person named on the Certificate of Title shall be let in possession of the property, subject to the provisions of the "Protecting Tenant at Foreclosure Act of 2009."

8. **Jurisdiction.** The Court retains jurisdiction of this action to enter further orders that are proper, including without limitation, writs of possession and deficiency judgments.

9. **IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.**

    **IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

15-41490                                       3

CFN: 20160714855 BOOK 30343 PAGE 2268
FJUD

<u>**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF COURT, 140 WEST FLAGLER STREET, ROOM 908, MIAMI, FL 33130 (TELEPHONE: (305) 375-5943), WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.**</u>

<u>**IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPERTY INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT LEGAL AID SOCIETY AT THE DADE COUNTY BAR ASSOCIATION, 123 N.W. FIRST AVENUE, SUITE 214, MIAMI, FL 33128 (TELEPHONE: (305) 579-5733) TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT THE DADE COUNTY BAR ASSOCIATION LEGAL AID SOCIETY, YOU SHOULD DO SO A SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.**</u>

**ORDERED** at Miami, Dade County, Florida this <u>12th</u> day of <u>December</u>, <u>2016</u>.

_____
Circuit Court Judge
Beatrice A. Butchko
Circuit Court Judge

- For Jose Rodriguez

Copies provided to all parties
On attached service list:

15-41490                                    4

CFN: 20160714855 BOOK 30343 PAGE 2269
FJUD

## **SERVICE LIST**
CASE NO.: 2015-026710-CA-58

Brian L. Rosaler, Esquire
POPKIN & ROSALER, P.A.
Attorney for Plaintiff
1701 West Hillsboro Boulevard, Suite 400
Deerfield Beach, FL 33442
Primary E-Mail: pleadings@popkinrosaler.com

Eduvina Amador
13220 Sw 12th Street
Miami, Fl 33184
Primary E-Mail: Eduvinaamador1@Gmail.Com

Francisco Amador
13220 Sw 12th Street
Miami, Fl 33184
Primary E-Mail: Franciscoamador@Aol.Com
Secondary E-Mail: Eduvinaamador1@Gmail.Com

Annette Amador Diaz
13220 Sw 12 St
Miami, Fl 33184

Alejandro Diaz
13220 Sw 12 St
Miami, Fl 33184

Remediation Group Inc.
C/O Rodriguez, Alfred, President
1720 Sw 13th Ct.
Ft Lauderdale, Fl 33312

Ricki D. Frand, Esq.
2 South University Drive
Suite 329
Plantation, Fl 33324
Primary E-Mail: Service@Stevensandgoldwyn.Com

15-41490                                              5

<div style="border:1px solid #000; padding:8px;">
<span style="background:#000; color:#fff;">Fill in this information to identify your case and this filing:</span>

Debtor 1    <u>Francisco            Rosendo            Amador</u>
            First Name            Middle Name         Last Name

Debtor 2    <u>Eduvina             Izquierdo          Amador</u>
(Spouse, if filing) First Name    Middle Name         Last Name

United States Bankruptcy Court for the: <u>SOUTHERN DISTRICT OF FLORIDA</u>

Case number
(if known)      _____
</div>

☐ Check if this is an amended filing

## Official Form 106A/B
## Schedule A/B: Property                                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:  Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

   ☐ No. Go to Part 2.
   ☒ Yes. Where is the property?

1.1.
**Homestead Property**
Homestead property. Debtors' home located at: 13220 SW 12 Street, Miami, Fl 33184.

County _____

What is the property?
Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☒ Other  <u>Homestead Property</u>

Who has an interest in the property?
Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☒ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?   Current value of the portion you own?
$335,000.00                              $335,000.00

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

<u>Tenancy By the Entireties</u>

☐ Check if this is community property (see instructions)

Other information you wish to add about this item, such as local property identification number: _____

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.................................................... ➔ $335,000.00

### Part 2:  Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

   ☐ No
   ☒ Yes