UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

*In re:*

FRANCISCO ROSENDO AMADOR and
EDUVINA IZQUIERDO AMADOR,

      Debtors.                    /

Case No. 17-13315-RAM

Chapter 7

**CHAPTER 7 TRUSTEE'S OBJECTION TO
DEBTORS' CLAIMED EXEMPTIONS**

Jacqueline Calderin, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Francisco Rosendo Amador and Eduvina Izquierdo Amador (the "Debtors"), by and through undersigned proposed counsel[1] and pursuant to sections 521, 522, 541, and 542 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rule 4003 of the Federal Rules of Bankruptcy Procedure, files this objection to the Debtors' claimed exemptions (the "Objection"), and in support thereof, states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

**BACKGROUND AND REQUESTED RELIEF**

2. This matter was initiated by the Debtors *pro se* on March 20, 2017 (the "Petition Date") upon the filing of a joint voluntary petition for relief under Chapter 7 of the Bankruptcy Code [ECF #1].

3. On the Petition Date, the Debtors filed their bankruptcy schedules and statement of financial affairs (the "Schedules") [ECF #1].

4. The meeting of creditors under section 341 of the Bankruptcy Code was held and concluded on April 26, 2017 [ECF #2, 26].

5. On May 2, 2017, the Debtors filed amended Schedules [ECF #28], including an amended Schedule C listing property the Debtors are claiming as exempt.

6. The Debtors have claimed as exempt the following property: (i) a homestead; (ii) a 2004 Chevrolet Impala and a 2003 Chevrolet Malibu with a scheduled value of $300; (iii) household goods and furnishings with a scheduled value of $100; (iv) used clothing with a scheduled value of $80; (v) personal jewelry with a scheduled value of $200; (vi) cash on hand with a scheduled value of $20; (vii) a checking account ending in 0770 with a scheduled value of $289 purportedly containing the Debtor wife's teacher retirement benefits; (viii) a checking account ending in 6620 with a scheduled value of $22,730 purportedly containing the Debtors' Social Security benefits; (ix) a checking account ending in 3986 with a scheduled value of $8,200 purportedly containing the Debtor husband's teacher retirement benefits; and (x) a checking account ending in 5097 with a scheduled value of $200 (items (ii) through (x) collectively, the "Personal Property").

7. All non-exempt assets are property of the Debtors' bankruptcy estate pursuant to section 541 of the Bankruptcy Code and are subject to turnover under section 542 of the Bankruptcy Code. Thus, to the extent the value of the Debtors' Personal Property exceeds the maximum allowable exemptions under Florida law, it is subject to immediate turnover.

---

[1] On May 25, 2017, the Trustee filed the *Trustee's Ex Parte Application to Employ Tamara Van Heel, Esq. and the Law Firm of Ehrenstein Charbonneau Calderin as Attorneys for the Chapter 7 Trustee Nunc Pro Tunc to May 24, 2017* [ECF # 40].

2

**EHRENSTEIN CHARBONNEAU CALDERIN**
501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · www.ecclegal.com

8.      The Trustee objects to the Debtors' claimed exemptions in all Personal Property pending further investigation as to the value of the Debtors' Personal Property and pending further review of bank statements and documentation to be provided by the Debtors to support such claimed exemptions.  If the Personal Property exempted by the Debtors is ultimately found to be of a value in excess of the amounts allowable under Florida law, such property should not be exempt and will be subject to immediate turnover.

**WHEREFORE,** the Trustee respectfully requests entry of an order: (i) sustaining the Trustee's objection to the Debtors' claimed exemptions; (ii) directing the Debtors to turnover to the Trustee all non-exempt property of the estate; (iii) reserving the Trustee's right to determine which of the Debtors' Personal Property is subject to turnover; and (iv) granting such other relief as the Court deems just and proper.

**EHRENSTEIN CHARBONNEAU CALDERIN**
*Counsel for Chapter 7 Trustee*
501 Brickell Key Drive, Suite 300
Miami, FL 33131
T. 305.722.2002
www.ecclegal.com

By:   */s/Tamara Van Heel*
      Tamara Van Heel
      Florida Bar No: 107104
      tvh@ecclegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case and via U.S. Mail upon the Debtors on May 26, 2017.

*I HEREBY CERTIFY* that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**EHRENSTEIN CHARBONNEAU CALDERIN**
*Proposed Counsel for Chapter 7 Trustee*
501 Brickell Key Drive, Suite 300
Miami, FL 33131
T. 305.722.2002
www.ecclegal.com

By:   /s/Tamara Van Heel
       Tamara Van Heel
       Florida Bar No: 107104
       tvh@ecclegal.com